### IN THE UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                         CRIMINAL ACTION NO.   3:17-00100-05

ANDRE DURRELL WATSON

### MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendant's Motion for Bill of Particulars. For reasons specified herein, Defendant's motion is **DENIED**.

### I.      Background

On February 5, 2018, Defendant filed the present Motion for Bill of Particulars. ECF No. 149. In his motion, Defendant seeks six particulars in reference to the indictment filed in the present case. *Id*. The Government responded to Defendant's motion on February 20, 2018. ECF No. 172. In its response, the Government asserted that Defendant's requests 4, 5, and 6 should be denied as moot and that Defendant's requests 1, 2, and 3 should be denied.

### II.     Legal Standard

Pursuant to Rule 7(f), a criminal defendant may move for a bill of particulars "to gain information on the nature of the charge[s] against him so as to enable him to prepare for trial, avoid or minimize the danger of surprise at time of trial and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense . . ." *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969). This right, however, is in no way unconditional. *Id*.

"A bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise." *United*

*States v. Gibson*, 327 Fed. Appx. 391, at *1 (4th Cir. May 14, 2009) (unpublished opinion). An indictment will be considered insufficient where it fails to "give[ ] defense counsel adequate notice of the charges . . ." *United States v. Am. Waste Fibers Co., Inc.*, 809 F.2d 1044, 1046 (4th Cir. 1987).

### III.    Discussion

#### a.    Requests 4, 5, and 6

As to Defendant's requests 4 and 6, the Court accepts as true the Government's assertions that the evidence Defendant seeks does not exist. Accordingly, as to requests 4 and 6, the Court **DENIES** Defendant's motion as moot.

As to Defendant's request 5, the Court accepts the Government's assertion that it will furnish to Defendant exact timestamps of particular surveillance footage as Defendant requested. Accordingly, as to request 5, the Court **DENIES** Defendant's motion as moot. This leaves Defendant's requests 1, 2, and 3 ripe for the Court's consideration.

#### b.    Requests 1 and 2

In request 1, Defendant asks the Court to direct the Government to provide him with the "earliest statement and/or event upon which the prosecution will rely to prove that the conspiracy existed." ECF No. 149. The Government responds that it "is not required to allege particularity with regard to the precise beginning or end of a defendant's involvement in [a] conspiracy." ECF No. 172, at 4.

In request 2, Defendant asks the Court to direct the Government to provide him with "the nature of any and all statements and/or events, other than those already contained in the indictment, upon which the prosecution intends to rely to prove that the conspiracy existed." ECF No. 149. In response, the Government asserts that it is not required to prove a specific agreement among co-

conspirators nor is it required to disclose particular overt acts committed in furtherance of a charged conspiracy. ECF No. 172, at 5.

The discovery that the Government has provided to Defendant includes "investigative and laboratory reports, statements of anticipated witnesses, grand jury transcripts . . . , and other materials . . ." ECF No. 172, at 6. The Court finds that the Government has met its burden of sufficiently alleging the facts supporting the charges asserted against Defendant in the Second Superseding Indictment and its obligations under relevant discovery rules such that Defendant has been made aware of the charges being asserted against him, is able to prepare his defense, and will not be prejudiced by surprise at trial. Defendant's requests 1 and 2 are therefore **DENIED**.

  **c. Request 3**

In request 3, Defendant asks the Court to direct the Government to provide him with "the specific dates and times the Defendant is alleged to have been present at the storage facility in Saint Albans, West Virginia." ECF No. 149. The Government asserts that it has provided ample discovery to Defendant and that the provided evidence is not too voluminous for Defendant to conduct a review of the material and prepare his defense accordingly.

The Court notes that Defendant argues that the discovery the Government provided to him is too voluminous for him to reasonably review because it contains "weeks or months of surveillance video." ECF No. 149. This argument, however, seemingly does not apply to the Government's allegations regarding when Defendant was present at the storage facility in Saint Albans. As the Government explained in its response, surveillance of this storage facility does not exist and has therefore presumably not been provided to Defendant in discovery. It cannot therefore be said that the discovery provided is too voluminous to adequately enable Defendant to prepare his defense regarding these allegations. Defendant's request 3 is therefore **DENIED**.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion, ECF No. 149, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:          March 6, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE